UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA NORIEGA, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>LOEWS HOTEL HOLDING CORPORATION, a Delaware corporation, LOEWS CORONADO HOTEL CORPORATION, a California corporation; and DOES 1 through 50, inclusive,<br><br>                             Defendants. | Case No.: 3:19-cv-0068-GPC-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 4]** |

Before the Court is Alicia Noriega's ("Plaintiff") to remand. ECF No. 4. Plaintiff filed the motion on February 8, 2019, and 51st Street & 8th Ave. Corp., LOEWS HOTELS HOLDING CORPORATION, AND LOEWS CORONADO HOTEL CORPORATION's (collectively, "Defendants") filed an opposition on April 26, 2019. ECF No. 8. Plaintiff subsequently filed her reply on May 10, 2019. ECF No. 9. For the reasons set forth below, the Court **DENIES** the motion to remand.

**I.    Background**

Plaintiff filed this action against Defendants in the Superior Court of the State of

1

3:19-cv-0068-GPC-NLS

California in San Diego County on August 30, 2018. ECF No. 1 at 2. The complaint alleges fourteen causes of action, all arising under California law: (1) Failure to Provide Meal Breaks; (2) Failure to Provide Rest Breaks; (3) Failure to Pay Wages; (4) Failure to Pay Overtime; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Violation of Business and Professions Code Sections 17200-17208; (7) Intentional Infliction of Emotional Distress; (8) Discrimination in Violation of the Fair Employment and Housing Act; (9) Retaliation in Violation of the Fair Employment and Housing Act; (10) Failure to Accommodate; (12) Failure to Engage in the Interactive Process of Accommodation; (13) Hostile Work Environment in Violation of the Fair Employment and Housing Act; and (14) Wrongful Termination in Violation of Public Policy. *Id.*

According to the Complaint, Plaintiff was employed by Defendants as a kitchen 'Cook II.' *Id.* As a Cook II, Plaintiff was responsible for setting up and stocking stations, preparing food, cooking menu items, complying with nutrition and sanitation regulations and safety standards. *Id.* In addition to these duties, she was occasionally given other ad hoc tasks by her supervisors. *Id.* at 2. On or about July 30, 2018, Plaintiff asserts that she suffered serious ailments during the scope of her employment. *Id.* Specifically, Plaintiff alleges that in addition to bilateral carpal tunnel syndrome, she suffered lasting injuries to her left and right hands, left and right wrists, shoulders, upper extremities, and other organs. *Id.* Plaintiff contends that she continues to suffer from these disabilities. *Id.*

That same day, Plaintiff asserts that she filed a workers' compensation claim based on her injuries. *Id.* She allegedly sought and was granted working restrictions that included: (1) repetitive right and left hand motions for no more than forty-five cumulative minutes per hour; and (2) no lifting, carrying, pushing, and pulling more than ten pounds. *Id.* According to Plaintiff, these restrictions are still in effect today. *Id.* Plaintiff contends that she also requested reasonable accommodations and uninterrupted meal and rest breaks. *Id.* Those requests were allegedly dismissed. *Id.* On or about August 3, 2018, Defendants purportedly contacted Plaintiff and explained that as a result of her

restrictions, she could not return to work. *Id.*

On or about August 6, 2018, Plaintiff contacted Defendants' Human Resources representative to resolve those additional requests. *Id.* However, Defendants purportedly reiterated that they were unable to accommodate Plaintiff unless she could "have your doctor remove your restrictions, and we can see about putting you back to work." *Id.* According to the Complaint, Plaintiff considered this exchange to be evidence of retaliation through wrongful termination. *Id.*

In addition, Plaintiff alleges that Executive Chefs Chris Aguira and Antonio Archeta engendered a hostile working environment during the course of her employment. Aguira allegedly behaved in an "outlandish and physical threatening" manner, subjecting Plaintiff to "inappropriate language, thrown objects throughout the kitchen area, and grotesque scenes." *Id.* Archeta, Plaintiff's immediate manager, purportedly directed sexually inappropriate comments at Plaintiff, including stating that she would be less upset if her husband pleased her often. According to Plaintiff, Archeta also called her "fat," "disgusting," and "big butt." *Id.*

Although she regularly worked in excess of eight hours per day and forty hours per week, Plaintiff contends that she was never paid any overtime compensation. *Id.* at 4. Plaintiff submits that she worked "without being provided a meal period of at least thirty minutes per five hours worked and without compensation of one hour of pay for each workday that a meal period was not provided." *Id.* In addition, Plaintiff claims that she worked without "being authorized or permitted to take a rest period of at least ten minutes per every four hours worked and without compensation of one hour of pay for each workday that rest period was not provided." *Id.* And finally, Plaintiff alleges that she worked without receiving an accurate itemized wage statement that properly reflected regular and overtime actually worked or true documentation of meal and rest period premium payments. *Id.* Plaintiff was purportedly subjected to these conditions for at least one year prior to the filing of the Complaint. *Id.* Therefore, Plaintiff brings the aforementioned fourteen causes of action against Defendants and seeks damages, interest

on losses incurred, prejudgment interest, a finding that Defendants engaged in unfair competition in violation of sections 17200, *et. seq.* of the California Business and Professions Code, restitution payments, relevant injunctions, and attorney's fees. *Id.* at 31.

On January 10, 2019, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants removed Plaintiff's state court action based upon diversity of citizenship. ECF No. 1 at 1. According to the notice of removal, this case meets the requirements of diversity jurisdiction because the parties are diverse and "while Defendants deny liability as to Plaintiff's claims, Defendants have a reasonable good faith belief that the amount in controversy, as alleged and pled to this action by Plaintiff, exceeds $75,000." ECF No. 1 at 4. Although the Plaintiff does not specify the amount of damages sought, Defendants' notice provides that the amount in controversy in this case exceeds $75,000 because Plaintiff requested $200,000 in her settlement demand. *Id.* at 5. Defendants allege that there is complete diversity of citizenship because the Plaintiff is a citizen of a different state from each defendant. According to Defendant, Defendant Loews Hotels Holding Corporation ("Loews Hotels") is a citizen of Delaware and New York, Defendant Loews Coronado Hotel Corporation ("Loews Coronado") a citizen of Delaware and New York, and Defendant 51st Street & 8th Ave. Corp. ("51st Street") is a citizen of New York. *Id.* at 4-5. Plaintiff is allegedly a California citizen. *Id.*

In response, Plaintiff filed her present motion to remand on February 8, 2019. ECF No. 8 at 1.

**II. Legal Standard**

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by

4

judicial decree." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.,* 2018 WL 3323244 *1 (S.D. Cal. July, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.,* 902 F.3d 1051, 1057 (9th Cir. 2018).

Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is "complete diversity of citizenship" between the parties. 28 U.S.C. § 1331. For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Accordingly, diversity jurisdiction does not exist if any defendant is of the same citizenship as any plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Furthermore, removal on diversity grounds is improper if any defendant is a citizen of the forum state. 28 U.S.C § 1441(b)(2). And pursuant to the statute, a corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). The principal place of business refers to the location "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The "nerve center" is also typically located at a corporation's headquarters. *Id*.

**III. Discussion**

Plaintiff offers five independent arguments for why this Court should remand the case back to state court: (1) Defendants have not sufficiently established that Plaintiff is a citizen of California; (2) Defendant Loews Coronado Hotel Corporation is not diverse because it maintains a principal place of business in California; (3) Plaintiff intends, upon amendment, to add defendants who reside in California; (4) Defendants' improperly used settlement communications to support that the amount in controversy exceeds $75,000; (5) Defendants failed to timely file their notice of removal within 30 days after the receipt of the initial pleading. In addressing each of these in turn, the Court concludes that Defendants have met their burden to invoke this Court's diversity jurisdiction.

**A. Plaintiff's Citizenship**

Plaintiff argues that Defendants did not establish that Plaintiff is a citizen of California because the Complaint alleges only her residence. ECF No. 4 at 12. The Court disagrees.

To establish citizenship for diversity purposes, a natural person is a citizen in the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The Ninth Circuit has consistently determined that a person's domicile is her permanent home, where she resides with the intention to remain indefinitely or where she has resided in the past and intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (*quoting Owens v. Huntling*, 115 F.2d, 160, 162 (9th Cir. 1940) ("[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and [intends] to remain there permanently ore indefinitely.'"). Domicile is based on a number of factors, including current residence, voting, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750.

Plaintiff argues that Defendants' allegations of Plaintiff's residence – without more – are insufficient to establish citizenship and confer diversity jurisdiction upon a federal court. ECF No. 4 at 13. According to Plaintiff, Defendants must affirmatively allege the actual citizenship of the relevant parties. *Id.* Plaintiff notes that her Complaint does not declare her citizenship or domicile and only states that she is "an individual who resides in the State of California, San Diego." ECF No. 1-1 at 1. As such, Plaintiff contends that Defendants' assertion that Plaintiff is a citizen of California is unsubstantiated "sheer conclusion" based only "on information and belief." ECF No. 4 at 13.

The Court concludes that Defendant has amply proven that Plaintiff is a citizen of California. Although "a person residing in a given state is not necessarily domiciled there," *Warner-Lamber Co.*, 265 F.3d at 857, this Court agrees with Defendants that "the weight of the allegations in Plaintiff's Complaint plainly support a finding that Plaintiff is domiciled in California, and, thus, is a citizen of California." ECF No. 8 at 3. Plaintiff currently resides in California. *Id.* According to both her Complaint and DFEH Complaint, Plaintiff has lived and worked in California for at least 18 years since she was hired in 2005. *Id.* Given the longevity of her residence in California, the Court agrees that there is "no doubt that Plaintiff established a fixed habitation in California and intends to remain in this State permanently." *Id.* And despite Plaintiff's argument that Defendants do not sufficiently establish her citizenship, Plaintiff does not identify that she is a citizen of another state. *See generally,* ECF No. 4.

Moreover, Plaintiff's selective employment of the argument that she may – or may not – be a California citizen strains credulity in the larger context of her instant motion. One of Plaintiff's primary contentions rests on the basis that Loews Coronado is a non-diverse defendant on account that its principal place of business is in California. That assertion is necessarily premised on Plaintiff being a citizen of California.

Since "[a] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of chance,"

*Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013), this Court finds that Defendants' Notice of Removal adequately supports that Plaintiff is a long-time resident and citizen of California.

### B. Loews Coronado's Citizenship

Next, Plaintiff contends that Defendant Loews Coronado is a non-diverse defendant on the basis that it is "registered with the State of California as a foreign corporation doing business in California." ECF No. 4 at 16. Plaintiff's argument relies on counsel's Lexis search results that indicate the company may have designated a "principal office in the State of California located at The Prentice-Hall Corporation System, Inc., located at 6430 Sunset Boulevard, Los Angeles, California, 90028." *Id.* at 4. As such, Plaintiff surmises that Loews Coronado is a citizen of California, thus defeating diversity for jurisdictional purposes.

Defendants respond that Plaintiff's arguments are predicated on her mistaken and unverified belief that Loews Coronado's agent for service of process equates to its principal place of business. ECF No. 8 at 4. To rebut Plaintiff's assertions, Defendants contend that their sworn declaration unequivocally evinces that Loews Coronado is a Delaware-incorporated entity with its principal place of business in New York. *Id.* The Prentice-Hall Corporation, according to Defendants, functions only as the company's California process server. Kralovich Decl. ¶ 7. Accordingly, Defendants submit the Court should accept their sworn statements that Loews Coronado is a citizen of only New York and Delaware.

The Court finds that Defendants have satisfied their burden to establish that Loews Coronado is not a California citizen. In their notice of removal, Defendants unambiguously state that Loews Coronado is a citizen of only two states: Delaware, by virtue of its incorporation; and New York, its principal place of business. Under *Hertz'* 'nerve center test*,*' a corporation's principal place of business is a *single* place located where the corporation's officers, direct, control, and coordinate the corporation's activities. 559 U.S. at 95. In practice, "the [principal place of business] should normally

8

3:19-cv-0068-GPC-NLS

be the place where the corporation maintains its headquarters." *Id.* at 93. Moreover, the Supreme Court in *Hertz* rejected an approach focused on the location of a corporation's business activities. *Id.* at 95.

Courts have previously accepted a defendant corporation's declaration as dispositive in demonstrating it's principal place of business. In *General Reinusurance Corp. v. City of Vista*, another court in this district relied exclusively on a declaration from a company's Assistant Vice President to hold that the Defendant company had carried its burden to establish its principal place of business. 295 F. Supp. 3d 1119, 1123-1124 (S.D. Cal.) (April 5, 2018). There, the declaration stated that "GRC ha[d] been incorporated under the laws of the state of Delaware" and that "since 1984, GRC has had its principal place of business in Stamford, Connecticut," where "GRC's officers, directors, and executives direct, control, and coordinate the company's activities" from its headquarters. *Id.* at 1124. Consequently, the Court held that "the record establishe[d] that GRC is a citizen of Delaware and Connecticut" for purposes of diversity. *Id.*

Here, the Court cannot rely on Plaintiff's unverified search results and unsubstantiated extrapolation in favor of Defendants' sworn declaration. As a preliminary matter, Plaintiff has not properly requested that this Court take judicial notice of her search results. In addition, Defendants have provided a number of statements on the record that bolster their assertion that New York is Loews Coronado's principal place of business. The Declaration of Sean Clancy attests that Loews Coronado is headquartered at 667 Madison Avenue – 8th Floor, New York NY. *See* ECF No. 1-3. Defendants also avouch that the large majority of Loews Coronado's officers responsible for the company's business decisions reside in the New York area and work from the company headquarters. *See* Declaration of Wendel Kralovich ¶ 6. Moreover, Defendants submit that Loews Coronado does not control or conduct its business through the Prentice Hall Corporation System and that the entity was retained only as a designated agent for service of process in California. ECF No. 8 at 9. This Court finds that these statements are sufficient under *Hertz* to establish that Loews Coronado is a citizen of only Delaware

9

and New York. Accordingly, the Defendants have met their burden to demonstrate that there is complete diversity among the parties.

### C. Joinder of Parties Through Amendment

Plaintiff also argues that this case should be remanded because she intends to amend her Complaint to include two additional individual defendants who, as California residents, would defeat complete diversity once they are included. ECF No. 4 at 21. Defendant responds by arguing that (1) the Court cannot reach the issue because Plaintiff has not yet moved to amend her complaint to add Chris Aguira and Antonio Archeta as individual defendants; and (2) if Plaintiff does move for leave to amend her Complaint, the Court should deny such a motion because the additions would be improper as sham defendants included for the sole purpose of defeating diversity jurisdiction.

The Court agrees with Defendants that remanding the case at this stage – on the basis of a hypothetical motion for leave to amend – would be premature. Plaintiff has not properly moved for leave to amend her Complaint. And until Aguira and Archeta are added as defendants to this case, the requirements of diversity jurisdiction are satisfied. The parties are diverse—Plaintiff is a citizen of California—and, as discussed above, Defendant corporations are collectively citizens of New York and Delaware.

### D. Amount in Controversy

Plaintiff next contends that Defendants have not adequately established that the amount in controversy is sufficient to invoke this Court's jurisdiction. Specifically, Plaintiffs argue that Defendants improperly provided this court with proprietary settlement demands to establish the amount in controversy. ECF No. 4 at 31. As a result, Plaintiff advances the theory that this Court may not consider her settlement demand in determining whether the amount in controversy threshold has been met. *Id.* The Court finds this argument to be unavailing and contrary to settled law.

28 U.S.C. § 1332(a)(1) vests federal courts with subject matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." In removing a case to federal court, a defendant "need include only

10

3:19-cv-0068-GPC-NLS

and New York. Accordingly, the Defendants have met their burden to demonstrate that there is complete diversity among the parties.

### C. Joinder of Parties Through Amendment

Plaintiff also argues that this case should be remanded because she intends to amend her Complaint to include two additional individual defendants who, as California residents, would defeat complete diversity once they are included. ECF No. 4 at 21. Defendant responds by arguing that (1) the Court cannot reach the issue because Plaintiff has not yet moved to amend her complaint to add Chris Aguira and Antonio Archeta as individual defendants; and (2) if Plaintiff does move for leave to amend her Complaint, the Court should deny such a motion because the additions would be improper as sham defendants included for the sole purpose of defeating diversity jurisdiction.

The Court agrees with Defendants that remanding the case at this stage – on the basis of a hypothetical motion for leave to amend – would be premature. Plaintiff has not properly moved for leave to amend her Complaint. And until Aguira and Archeta are added as defendants to this case, the requirements of diversity jurisdiction are satisfied. The parties are diverse—Plaintiff is a citizen of California—and, as discussed above, Defendant corporations are collectively citizens of New York and Delaware.

### D. Amount in Controversy

Plaintiff next contends that Defendants have not adequately established that the amount in controversy is sufficient to invoke this Court's jurisdiction. Specifically, Plaintiffs argue that Defendants improperly provided this court with proprietary settlement demands to establish the amount in controversy. ECF No. 4 at 31. As a result, Plaintiff advances the theory that this Court may not consider her settlement demand in determining whether the amount in controversy threshold has been met. *Id.* The Court finds this argument to be unavailing and contrary to settled law.

28 U.S.C. § 1332(a)(1) vests federal courts with subject matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." In removing a case to federal court, a defendant "need include only

a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). To determine the amount in controversy for diversity purposes, courts have historically considered settlement demands in spite of the fact that they constitute confidential communications in other contexts. Consider, for example, *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), where the Ninth Circuit held $100,000 settlement offer from the plaintiff alone was sufficient to meet the $75,000 threshold for removal. Courts in this district have likewise utilized settlement communications to determine diversity, holding that "if damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands" to determine diversity. *Arellano v. Home Depot, U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003).

The Complaint at issue is silent as to a sum or dollar amount for damages. *See generally*, ECF No. 1-1. Given that courts have used settlement demands to determine diversity for removal purposes, the Court concludes that it may look to Plaintiff's settlement offer in this case. Plaintiff's settlement offer of $200,000 well exceeds the $75,000 amount in controversy threshold. ECF No. 1-4. *See also* Exhibit A, ECF No. 1-5. Thus, the Court holds that this case is properly before the Court under diversity jurisdiction.

### E. Timeliness of Removal

Lastly, Plaintiff contends that Defendants' removal is untimely because it was not filed within thirty days of service of Plaintiff's Complaint. ECF No. 4 at 25. However, the Court finds that removal within thirty days of service is not the applicable standard if the initial pleadings do not "affirmatively reveal on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & CA's Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005). In looking to this standard, Plaintiff's initial pleadings make no mention of the amount in controversy. As such, this Court concludes that Defendants have reasonable cause to state that the amount of controversy – and by extension, jurisdictional availment – was not ascertainable on its face. Consequently, the appropriate timeframe for

Defendants to file for removal would have been thirty days from the first date which it can be ascertained that federal subject matter jurisdiction exists. *See* 28 U.S.C. § 1446(b)(3). In the notice of removal, Defendants state that they were only able to ascertain the amount in controversy through Plaintiff's December 11, 2018 settlement demand. ECF No. 1-4. Defendants' Notice of Removal was filed on January 10, 2019, within thirty days of December 11, 2018. *See* ECF No. 1.. Accordingly, the Court concurs with Defendants that removal was timely.

## IV. Conclusion

In sum, this case is properly before the Court: the parties are completely diverse – Plaintiff is a California citizen and Defendant corporations are collectively citizens of only New York and Delaware – and as discussed above, the amount in controversy exceeds $75,000. Because the requirements of diversity jurisdiction are satisfied in this case, the Court lacks discretion to remand the case to state court. As a result, the Court must exercise the original jurisdiction that it possesses over this case and Plaintiff's motion to remand to state court is **DENIED.**

**IT IS SO ORDERED.**

Dated: May 30, 2019

Hon. Gonzalo P. Curiel
United States District Judge

12

3:19-cv-0068-GPC-NLS